**Application of UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA et al.**

**In re OCTOBER, 1952 GRAND JURY.**

United States District Court
S. D. New York.
Dec. 15, 1952.

David Scribner, New York City, for United Electrical and others, petitioners.

Shapiro, Rabinowitz & Boudin, New York City, for Joseph P. Selly, petitioner.

EDELSTEIN, District Judge.

Two orders have been submitted for my signature, one requiring the foreman of the October 1952 Grand Jury and the United States Attorney, and the second in addition requiring a Special Assistant to the Attorney General, to show cause why a certain presentment handed up by the Grand Jury should not be expunged from the records of the court. I shall not sign the orders, because I do not regard this procedure as adversary in nature. The United States Attorney is not responsible for a Grand Jury's presentment and is under no obligation to defend it. Indeed, it is conceivable that the United States Attorney might himself seek to have an improper presentment expunged. Cf., In re Osborne, 68 Misc. 597, 125 N.Y.S. 313. And if the presentment were one handed up at the conclusion of a Grand Jury's term, there would of course be no foreman to respond, so that if the remedy were dependent upon his opposition, there might be no remedy for an improper presentment.

Consequently, I shall consider the orders submitted as motions to expunge, directed to the court by virtue of its inherent power over its judgments, orders, records and proceedings, of which the minutes of the Grand Jury and its presentment are a part. The presentment was handed up while another judge of this bench was sitting in the criminal calendar part, and he saw fit to receive it and make it a part of the public records of this court. These motions, therefore, would have the effect of causing me to pass on the action of my colleague as an appellate court might. Obviously, I must refuse to exercise appellate jurisdiction over my peer in this court. Accordingly, the motions are hereby denied, but without prejudice to a renewal before the judge who received the presentment, at his discretion.